UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM J. SALTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PEOPLE OF THE )<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 25-0195 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and, for the reasons stated below, will dismiss the complaint without prejudice.

Plaintiff purports to bring this action against all members of the House of Representatives and the Senate of the United States for their collective responsibility in depriving plaintiff "of his right to a fairly elected president," Compl. at 17 (page numbers designated by CM/ECF), due to their failure to "object to the president-elect and vide president-elect with a variety of disqualifying crimes related to the 2024 election," *id*. Plaintiff alleges that defendants violated 18 U.S.C. § 371, having "conspired and defrauded the United States Government," *id*., and by having "certified the president elect and vice president elect on January 6, 2025." *Id*. He demands that all members of the 119th Congress be disqualified and that all members of the 118th Congress be reinstated, save those members of the 118th Congress who were reelected, who shall be impeached. *See id*.

The Court identifies two defects which warrant dismissal of the complaint. First, the federal criminal conspiracy statute plaintiff cites, 18 U.S.C. § 371, does not provide a private

1

right of action against individuals. *See, e.g.*, *Keyter v. Bush*, No. 03-cv-2496, 2004 WL 3591125, *2 (D.D.C. Aug. 6, 2004) (listing the criminal conspiracy statute among criminal code provisions not conveying a private right of action).

Second, plaintiff fails to demonstrate standing to sue. He must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, because plaintiff "rais[es] only a generally available grievance about government — claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large — [he] does not state an Article III case or controversy, *Lujan*, 504 U.S. at 573–74, and therefore lacks standing.

An Order is issued separately.

DATE: February 18, 2025                                   /s/
                                                          RUDOLPH CONTRERAS
                                                          United States District Judge